**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**HAMZA ALKASHIF,
ALIEN # A-24-891-966,**

    **Petitioner,**

vs.                                             **Case Number 4:08cv294-WS/WCS**

**MICHAEL MUKASEY,
MICHAEL CHERTOFF,
MICHAEL ROZOS,
DAVID HARVEY, and
DEPARTMENT OF
HOMELAND SECURITY**

    **Respondents.**

_____/

**REPORT AND RECOMMENDATION**

The *pro se* Petitioner initiated this case on June 30, 2008, doc. 1, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that he has been held in detention for over two years, although he was not ordered removed until July 18, 2007, and alleges that his native county of Kuwait has "refused to issue petition a travel document." Doc. 1, p. 1. Petitioner contends that his order of removal became final on December 12, 2007, when the Board of Immigration Appeals affirmed the removal order. *Id.* He contends he is "stateless" and cannot return to Kuwait

because he defected from Kuwait when he joined the U.S. Olympic team in 1984. *Id.*, at 2. Petitioner is challenging "his continued unlawful detention" but is not challenging the validity of the removal order. Rather, Petitioner seeks release from custody pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). *Id.*

Finding the petition sufficient, service was directed on July 15, 2008. Doc. 5. However, Petitioner's copy of the service order was returned to the Court as undeliverable, stamped by the Wakulla County Jail with "return to sender - no longer here." Doc. 9. In light of that mail return, I entered an order directing Respondents to advise the Court as to Petitioner's status, particularly to state whether Petitioner had been released and this § 2241 petition had become moot. Doc. 10.

On July 25, 2008, Respondents filed a motion to dismiss, advising that Petitioner "was released from the custody of Immigration and Customs Enforcement (ICE) on July 3, 2008." Doc. 12. Thus, Respondents state that this case is moot because Petitioner has received the relief sought in the petition and there is nothing left for the court to do. *Id.*

Attached to the motion to dismiss is a document showing that Petitioner was released to an order of supervision. Doc. 12-1. There is no forwarding address provided for Petitioner, however, and Respondents have provided Petitioner's last known address at the Wakulla County Jail in the certificate of service. Doc. 12, p. 4. This report and recommendation will not reach Petitioner such that he could object. Nevertheless, it is appropriate to grant the motion to dismiss even without providing an

opportunity to Petitioner to respond to the motion to dismiss because Petitioner's release from custody has mooted his petition.

In light of the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, doc. 12, this § 2241 petition be **GRANTED** because this action is now moot as Petitioner has been released from custody.

**IN CHAMBERS** at Tallahassee, Florida, on July 29, 2008.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**